```
           IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOSEPH ELLIOTT PORTER           :    CIVIL ACTION
                                :
          v.                    :
                                :
AHP SETTLEMENT TRUST            :    NO. 22-2751
```

MEMORANDUM

Bartle, J.                                       August 17, 2022

      Plaintiff Joseph Elliot Porter, proceeding pro se, has filed a complaint in this action against defendant AHP Settlement Trust ("Trust").  The court has permitted Porter to proceed in forma pauperis.  Under 28 U.S.C. § 1915(e)(2)(B)(ii), the court initially screens his complaint to determine whether it "fails to state a claim on which relief may be granted."

      Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applied to a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See, e.g., Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).  Thus, Porter's complaint must be dismissed if it does not "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In reviewing Porter's complaint, the court takes judicial notice of matters of public record such as the records and dockets from

Porter's prior federal lawsuits.  E.g., DiNicola v. DiPaolo, 945 F. Supp. 848, 855 n.2 (W.D. Pa. 1996)

Over the past few years, Porter has filed multiple suits against the Trust.[1]  The Trust was established under the Diet Drug Nationwide Class Action Settlement Agreement to compensate class members who suffered from valvular heart disease ("VHD") due to the use of certain diet drugs produced by Wyeth, Inc.  See Pretrial Order No. 1415, In re: Diet Drugs Prods. Liab. Litig., Civ. A. No. 99-20593 (Aug. 28, 2000) ("Settlement Agreement").  In this suit as well as in his predecessor suits, Porter seeks compensation on behalf of class member Miguel A. Larrieu whom he assisted in submitting a claim under the Settlement Agreement.

Claimants are entitled to compensation in an amount determined in accordance with two sets of benefit matrices under the Settlement Agreement.  The matrices classify a claimant based on the severity of medical conditions, age when diagnosed, and the presence of other medical conditions that also may have caused or contributed to a claimant's VHD.  Matrix "A-1" describes the compensation available to diet drug recipients with serious VHD who took the diet drugs for 61 days or longer

---

1.   See, e.g., Porter v. A.H.P. Settlement Tr., Civ. A. No. 19-2069, 2019 WL 4126480 (D.S.C. Aug. 30, 2019); Porter v. A.H.P. Settlement Tr., Civ. A. No. 20-1786, 2020 WL 3496553 (D.S.C. June 29, 2020).

and who did not have certain other conditions that could have contributed to developing VHD.  Matrix "B-1" outlines the compensation available to diet drug recipients with VHD who were registered as having only mild mitral regurgitation by the close of the Screening Period, or who took the drugs for 60 days or less, or who had factors that would make it difficult for them to prove that their VHD was caused solely by the use of the diet drugs.  Plaintiffs who qualify under Matrix A-1 are generally entitled to greater compensation than those who qualify under Matrix B-1.

The court entered judgment on June 8, 2018, in favor of Larrieu after review of the Trust's resolution of his claim under the Settlement Agreement.  See Pretrial Order No. 9500, In re: Diet Drugs (Docs. # 5327, 5328).  Larrieu first submitted a claim to the Trust in June 2015.  He sought benefits under Matrix A-1.  Larrieu's claim was subject to a multi-tier review pursuant to the procedures approved by the court.  Ultimately, the court determined that he instead qualified under Matrix B-1 because he could not disprove that he suffered from mitral annular calcification, which is a possible contributing factor to VHD as described above.  Larrieu did not appeal this determination to the Court of Appeals.  Meanwhile, Porter pursued a supplemental claim determination on Larrieu's behalf,

but that claim was discontinued by the parties' stipulation. See Pretrial Order No. 9510, In re: Diet Drugs (Doc. # 5352).

In 2020, Porter filed another action related to that supplemental claim in the District of South Carolina. Porter v. AHP Settlement Tr., Civ. A. No. 20-3184, 2021 WL 719716 (E.D. Pa. Feb. 23, 2021), aff'd, 2021 WL 3161433 (3d Cir. July 27, 2021) (per curiam). The district court transferred the action to this court. Id. at *3. This court then granted the motion of the Trust to dismiss his suit pursuant to Rule 12(b)(5) of the Federal Rules of Civil Procedure for insufficient service of process. Id. The court held alternatively that Porter failed to state a claim upon which relief could be granted under Rule 12(b)(6) for two reasons. First, Porter's claim was barred by res judicata because it was fully litigated ahead of the court's entry of the 2018 final judgment on Larrieu's claim under the Settlement Agreement. Id. at *4. Second, the court held that since Porter is not an attorney, the Settlement Agreement did not permit him to seek payment of any fees for assisting Larrieu with submitting his claim. Id. Porter appealed this ruling. Our Court of Appeals summarily affirmed the court's judgment on the ground that dismissal was appropriate under Rule 12(b)(6). See Porter, 2021 WL 3161433, at *2.

Porter filed the present action in the Eastern District of North Carolina, which was transferred to this court. Porter v. AHP Settlement Tr., Civ. A. No. 21-165, 2022 WL 2751615, at *1 (E.D.N.C. June 24, 2022), report and recommendation adopted, 2022 WL 2721338 (E.D.N.C. July 13, 2022). As in Porter's 2020 action, he alleges in this suit that the Trust did not compensate Larrieu--and Porter--properly under the Settlement Agreement given the nature of Larrieu's injuries. He insists that Larrieu is owed benefits in an amount to be determined under Matrix A-1. He also rehashes that the Trust "owes [him] the full amount of the settlement [he] negotiated and executed" on Larrieu's behalf.

Claim preclusion, otherwise known as res judicata, prevents a plaintiff from bringing a claim against a defendant if the plaintiff previously litigated that claim against that defendant, and the previous litigation resulted in a final judgment on the merits. See Davis v. Wells Fargo, 824 F.3d 333, 341-42 (3d Cir. 2016). The court's 2018 judgment in favor of Larrieu was in a diversity action. In such cases, the court applies federal claim preclusion principles. Paramount Aviation Corp. v. Agusta, 178 F.3d 132, 145 (3d Cir. 1999). Under federal law, claim preclusion bars a subsequent suit if there has been "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a

-5-

subsequent suit based on the same cause of action." Davis, 824 F.3d at 341 (quoting Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991)).[2]

Here, it is apparent from the face of Porter's complaint and from the record from the 2018 judgment on Larrieu's claim under the Settlement Agreement that res judicata bars Porter's suit here.[3] First, judicially approved settlement agreements that resolve a claim, such as Larrieu's original claim against the Trust, may be considered final judgments on the merits of that claim for purposes of claim preclusion. Conceicao v. Nat'l Water Main Cleaning Co., 650 F. App'x 134, 135 (3d Cir. 2016). Second, the parties here are the same as the parties to Larrieu's claim under the Settlement Agreement that culminated in the 2018 judgment. As Porter asserts he "personally negotiated . . . on behalf of" Larrieu, the judgment was among the "same parties or their privies." See Davis, 824 F.3d at 341; see also Porter, 2021 WL 719716, at *4. Third, Porter's suit involves the same cause of action as that of the

---

2. Although claim preclusion is an affirmative defense, a court may dismiss a complaint under § 1915(e)(2)(B)(ii) if it is evident on the face of the complaint that claim preclusion applies. Cf. Rycoline Prods., Inc. v. C & W Unlimited, 109 F.3d 883, 886 (3d Cir. 1997).

3. Indeed, Porter has conceded in prior litigation that Larrieu's claims were adjudicated under the Settlement Agreement. See Porter, 2021 WL 3161433, at *2.

2018 judgment.  Here, Porter seeks to litigate collaterally the claim that there is no reasonable medical basis for the finding that Larrieu did not suffer mitral annular calcification, an identical claim to the one resolved by this Court's 2018 judgment that there is no reasonable medical basis for the finding that Larrieu did not suffer mitral annular calcification.  See Davis, 824 F.3d at 341; see also Porter, 2021 WL 719716, at *4.  Accordingly, res judicata bars Porter's successive suit here.

In addition, Porter's complaint must be dismissed because his supplemental claim for compensation for his effort to assist Larrieu is not permitted under the Settlement Agreement.  It is true that the Settlement Agreement permits attorneys who secure compensation on behalf of a Class Member pursuant to contingency fee arrangements to collect payment of their fees directly from the Trust.  See Settlement Agreement § VIII.E.  Porter, however, is not an attorney.  The Settlement Agreement does not provide for the payment of any fees to a non-attorney for assistance with the submission of a claim to the Trust.  See id.; Porter, 2021 WL 3161433, at *2.  Thus, the Trust has no obligation to pay Porter for any assistance he provided to Larrieu to secure compensation under the Settlement Agreement.

For the foregoing reasons, the court will dismiss Porter's complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The court will also consider enjoining Porter from filing any further lawsuits related to his or Larrieu's claims against the Trust without first seeking leave from the court. As mentioned above, Porter has filed at least three meritless lawsuits in the past three years related to his and Larrieu's claim against the Trust. The All Writs Act, 28 U.S.C. § 1651, permits the court to issue a pre-filing injunction "to preclude abusive, groundless and vexatious litigation." Brow v. Farrelly, 994 F.2d 1027, 1038 (3d Cir. 1993). A pre-filing injunction is permissible if (1) a litigant has engaged in "continuous abuse of the judicial process by filing meritless and repetitive actions"; (2) the court gives "notice to the litigant to show cause why the proposed injunctive relief should not issue"; and (3) "the scope of the injunctive order [is] narrowly tailored to fit the particular circumstances of the case." Id. Accordingly, the court will order Porter to show cause why the court should not enter an order prohibiting him from making any further filings in this matter or commencing any new actions related to his or Larrieu's claims against the Trust without first seeking leave from the court.